**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| MICHAEL DAVITT, | 3:07-CV-578-ECR (RAM) |
| Plaintiff, | **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| vs. | |
| TIM VIDRINE, et al., | |
| Defendants. | |

This Report and Recommendation is made to the Honorable Edward C. Reed, Jr., Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4.

Before the court is Defendants' motion to dismiss or for summary judgment in the alternative. (Doc. #16.) Plaintiff has opposed the motion (Doc. #42), and Defendant has replied (Doc. #43). After a thorough review of the arguments and relevant legal authority, the court recommends that Defendants' motion should be granted.

## I. BACKGROUND

At the time of the events alleged in his complaint, Plaintiff was in custody of the Nevada Department of Corrections as an inmate at Ely State Prison (ESP), which is a maximum security facility. (Doc. #4 [Complaint] at 1.[1]) Defendants Vidrine, Hendrix, Ramsey, and Rollins are correctional officers at ESP, and Defendant Brooks is the Associate Warden of

---

[1] Page number references to the Plaintiff's complaint utilize the numbering appearing at the bottom of the pages; all other references to the pleadings rely on the numbering generated by the electronic case filing system.

1

Operations. (*Id.* at 2-3.) Defendant Ramsey is a senior officer, and Defendant Hendrix holds the rank of lieutenant. (*Id.* at 2.)

According to this civil rights complaint, brought pursuant to 28 U.S.C. § 1983, Defendant Vidrine escorted Plaintiff to his cell after Plaintiff asked the barber for an eyebrow trim. (*Id.* at 3.) Defendant Vidrine allegedly threw Plaintiff to the floor while he was wearing handcuffs and leg irons without justifiable reason. Defendant Rollins was also present. (*Id.* at 6.) Plaintiff further alleges that Defendants Brooks and Hendrix failed to respond to the numerous administrative complaints filed by Plaintiff arising from this incident. (*Id.* at 5.)

Based on these facts, Plaintiff alleges an Eighth Amendment claim for cruel and unusual punishment for excessive force by Defendant Vidrine and Defendant Rollins, who witnessed the incident. Plaintiff seeks a permanent injunction for imminent serious bodily injury. (Doc. #4 at 9.) Plaintiff also alleges claims against the remaining defendants for violating his "right to redress against all grievances against the government." (Doc. #4 at 4; 6.) In his opposition, Plaintiff clarifies that these claims are based on the First Amendment. (Doc. #42 at 2.) Defendants move to dismiss because Plaintiff has not stated a cognizable Eighth Amendment claim for excessive force or for a violation of the First Amendment. They also contend a lack of personal participation and qualified immunity for a majority of the defendants. (Doc. #43 at 3-6.)

## II. LEGAL STANDARD

In general, if a district court considers evidence outside the pleadings when ruling on a Rule 12(b)(6) motion to dismiss, the motion will be treated as one for summary judgment. Fed. R. Civ. P. 12(d). There is, however, a narrow exception allowing the court to consider a limited set of documents without converting the motion into one for summary judgment. This includes documents attached to the complaint, documents incorporated by reference in the complaint, and matters that can be judicially noticed. *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). The instant motion falls within this exception, as it is only necessary to consider the administrative records attached to the complaint in considering the motion to dismiss.

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. All allegations of material fact are construed in the light most favorable to Plaintiff, taking any reasonable inferences drawn from them as true. *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003). The plaintiff need only give defendants a fair notice of what the claim is and the grounds upon which it rests. *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007). A Rule 12(b)(6) dismissal may arise from lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1122 (9th Cir. 2008) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). "Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *In re VeriFone Sec. Litig.*, 11 F.3d 865, 868 (9th Cir. 1993). At minimum, the complaint should plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007).

A *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson*, 127 S.Ct. at 2200 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). However, sweeping conclusory allegations will not suffice. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). In giving liberal construction to a pro se civil rights complaint, the court is not to supply essential elements of the claim that were not initially pled. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

## III. DISCUSSION

**A.  EIGHTH AMENDMENT EXCESSIVE FORCE CLAIM**

Defendants argue that the complaint fails to state a claim for excessive force under the Eighth Amendment. When prison officials use excessive force against prisoners, they violate the right to be free from cruel and unusual punishment. *Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2002). However, "[n]ot every push or shove, even if it may later seem unnecessary in

the peace of a judge's chambers, violates a prisoner's constitutional rights." *Hudson v. McMillan*, 503 U.S. 1, 9 (1992). To state a violation of the Eighth Amendment's prohibition on cruel and unusual punishment, an inmate must allege something more than a de minimis use of force unless the use of force was "repugnant to the conscience of mankind." *Id.* In determining whether a use of force rises to the level of a constitutional violation, it may be necessary to evaluate the extent of injury, the relationship between amount of force used and the need for it, any threats perceived by prison officials, and any efforts made to temper the severity of the response. *Id.* at 7.

Here, Plaintiff does not indicate that he suffered any pain or injuries from the alleged incident in his complaint or opposition. Plaintiff acknowledged in one of his grievances and separately told a prison nurse that he had not been injured. (Doc. #4 at 18 [letter to Associate Warden of Operations dated October 14, 2007]; 20.)

Additionally, the allegations do not suggest a wanton amount of force was used. The entirety of the body of Count I reads, "Officer Vidrine threw me onto the cement floor while I was in handcuffs and ankle irons because I asked the inmate barber to trim my eyebrows." (Doc. #4 at 4.) There is nothing in the complaint or opposition to suggest that Defendant lifted Plaintiff's body high in the air before dropping him, that Defendant charged at him, or that there was an ongoing physical confrontation that culminated in this conduct. The court notes that in one of his emergency grievances, Plaintiff indicated that he was kneeling on the floor when Defendant Vidrine threw him. (Doc. #4 at 13 [Emergency Grievance dated October 13th, 2007].) The court also takes judicial notice of the fact that the prison records indicate Plaintiff is an adult male and that he weighs 170 pounds, not including the weight of his handcuffs and leg irons he was wearing during the incident.[2] Therefore, it seems unlikely that Defendant Vidrine was able to throw Plaintiff with significant force, as this action would have been impeded by having to pick Plaintiff up off the ground from his kneeling position. This is further

---

[2] *See* NDOC: Inmate Detail Record, http://www.doc.nv.gov/notis/detail.php?offender_id=91072 (last accessed January 16, 2008).

evidenced by the fact that Plaintiff suffered no injuries even after he struck the floor of his cell.

Construing the allegations in favor of Plaintiff, his claim is based on a de mimimis use of physical force that resulted in no injury to him. While this conduct is serious and served no purpose, assuming the truth of the allegations, there is nothing to suggest that the use of force was "repugnant to the conscience of mankind." *See Albers*, 475 U.S. at 322; *McMillan*, 503 U.S. at 9. Therefore, the motion should be granted dismissing Count I with prejudice.

**B.    FIRST AMENDMENT CLAIM**

In his opposition, Plaintiff characterizes his remaining claims for "right to redress of all grievances against the government" as based on the First Amendment. (Doc. #42 at 3.) Defendants contend that there are no facts alleged that would support such a claim. Plaintiff's complaint makes no reference to the First Amendment, and this court's screening order did not identify such a claim during its initial review. (Doc. #3.) Even liberally construing the allegations, Counts II and III of the complaint provide only that Defendants Brooks and Hendrix failed to discipline Defendant Vidrine regarding the throwing incident. The court is unable to discern what First Amendment right has been violated by this conduct. Plaintiff was able to submit multiple emergency grievances, letters, and written requests (kites) which were answered by prison officials. (Doc. #4 at 14-40.) The failure to respond to these complaints in a manner agreeable to Plaintiff does not amount to a First Amendment violation.

Defendants Chambliss (a caseworker at ESP), Neagle (lieutenant officer), and Crossman (officer) are listed in an addendum to the caption but are not mentioned in the section for designating defendants or in the body of the complaint. (Doc. #4 at 1-A.) Liberally construing the complaint and the attached grievances,[3] Plaintiff names these defendants because they were somehow involved with denying Plaintiff's grievances. As above, however, this does not state a violation of the First Amendment. Accordingly, the motion to dismiss should be granted as to Counts II and III of the complaint with prejudice. The remaining defenses need not be considered here.

---

[3] Doc. #4 at 16; 26.

5

Count IV of the complaint is missing its second page. *See* Doc. #4 at 6A. The court is unable to locate a page 6B of this count in the original copy of the pleading or the digitized version uploaded to the court's electronic filing system.[4] As it currently reads, Plaintiff begins to state that Defendant Ramsey would not process an emergency grievance, but further allegations are cut off. The grievances attached to the complaint suggest that this refers to the emergency grievance dated October 13th, 2007.[5] The administrative response reads, "This was responded to on 10-13-07. You were seen by medical staff. You had no injuries and recanted your statement." The record therefore indicates that contrary to Plaintiff's allegations, this emergency grievance was processed by the prison administration and denied. Even if additional factual allegations were provided, it is highly unlikely that this could state a First Amendment violation. If Plaintiff so wishes, however, he should be allowed the opportunity refile the complaint stating his First Amendment claim against Defendant Ramsey in its entirety.

## IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an Order **GRANTING** the Motion Dismiss as to Counts I through III in the complaint with prejudice (Doc. #16).

**IT IS FURTHER RECOMMENDED** that the District Judge grant Plaintiff the opportunity to refile Count IV of the original complaint.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within ten (10) days of receipt. These objections should be titled "Objections to Magistrate Judge's

---

[4] Plaintiff included within his complaint a "motion" for additional pages to plead additional counts, suggesting that he may have simply run out of paper. It appears to have been overlooked during screening because it was embedded within the complaint at page nine. (Doc. #4.) This is not the proper form for a motion to the court. Plaintiff is instructed to file any subsequent motions through separate filings rather than including them within the pleadings.

[5] At the bottom of this form, Plaintiff made an annotation that Defendant Ramsey refused to have the grievance processed. (Doc. #4 at 15.)

6

1  Report and Recommendation" and should be accompanied by points and authorities for
2  consideration by the District Court.
3      2.    That this Report and Recommendation is not an appealable order and that any
4  notice of appeal pursuant to Rule 4(a)(1), Fed. R. Civ. P., should not be filed until entry of the
5  District Court's judgment.
6      DATED: February 10, 2009.

_____
UNITED STATES MAGISTRATE JUDGE